# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anatoliy M. Lopatin, | 1:08-cv-00199-OWW-JMD-HC |
|     Petitioner, | |
| v. | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| Michael Chertoff, | |
|     Respondent. | OBJECTIONS DUE WITHIN THIRTY DAYS |

Petitioner Anatoliy M. Lopatin ("Petitioner") is a deportable alien in the custody of the United States government and is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Procedural History**

Petitioner is a citizen of Russia who entered the United States as a refugee in 1992. (Lodged Doc. 1 at 217). In 1992 and again in 1997, Petitioner was convicted of two separate domestic violence offenses. (Id.). Petitioner entered United States Immigration and Customs Enforcement (ICE) custody on April 13, 2005 upon the conclusion of his domestic violence sentences. (Id.)

On December 12, 2005, Petitioner's applications for asylum, withholding of removal, and protection under the Convention Against Torture were denied, and Petitioner was ordered removed from the United States. (Lodged Doc. 1 at 43). Petitioner filed an administrative appeal of the Board of Immigration Appeals' (BIA) removal order, and the BIA dismissed his appeal on March 29, 2006. (Id. at 37). Petitioner entered ICE post-order detention on March 29, 2006. (Id.)

On May 24, 2006, Petitioner filed a petition for review of the BIA's dismissal of his appeal before the United States Court of Appeal, Ninth Circuit. The Ninth Circuit dismissed the petition for review on November 14, 2006, for failure to prosecute. (Lodged Doc. 1 at 1).

Petitioner filed the instant petition for writ of habeas corpus on February 8, 2008. Respondent filed an answer to the petition on May 20, 2008. Petitioner filed a traverse to Respondent's answer on June 23, 2008.

**Factual Background**

Petitioner is a Russian national challenging the duration of his confinement under 8 U.S.C. § 1231(a), which grants the United States Attorney General authority to detain aliens who have been ordered removed from the United States. Under section 1231(a), an alien may be detained for a period reasonably necessary to bring about that alien's removal from the United States. Accordingly, the factual background relevant to Petitioner's habeas corpus petition concerns the duration of Petitioner's confinement and the likelihood of his removal.[1]

On December 12, 2005, an Immigration Judge ordered Petitioner removed from the United States and Petitioner was placed in confinement pending removal. On June 21, 2006, Petitioner filled out required travel documents provided by the Russian Consulate but indicated in the narrative section of the documents that he did not wish to ever return to Russia. (Answer, Ex. 2). As of March 21, 2008, the Russian Consulate in San Francisco was willing to issue the required travel documents to Petitioner in order to facilitate his removal from the United States upon Petitioner's formal request. (Answer, Ex. 2).[2]

Despite the willingness of the Russian consulate to issue the necessary travel documents to Petitioner, as of May 14, 2008, Petitioner refused to properly request the required travel documents and thus could not be removed from the United States. Petitioner remains in ICE custody. (Answer, Ex. 1).

---

[1] In the petition and traverse, Petitioner asserts that he will be endangered if he returns to Russia. Petitioner's allegations are not relevant to his habeas petition, which concerns only the legality of his post-removal-order detention.

[2] Two documents are attached to Respondent's Answer to the petition. The first document is labeled "Declaration of Officer Acala." The second document is labeled "Exhibit Custody Review." The Court deems both documents exhibits; Officer Acala's declaration is Exhibit 1, the Custody Review is Exhibit 2.

**Discussion**

I.  **Jurisdiction and Venue**

Statutory and constitutional challenges to post-removal-period detention may be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Zadvydas v. Davis, 533 U.S. 678, 665-66 (2001). As Petitioner is currently being held in post-removal-period detention and seeks to challenge the legality and constitutionality of his confinement, the Court has jurisdiction over Petitioner's habeas corpus petition. Id.; 28 U.S.C. § 2241(c)(3).

Venue for a habeas action is proper in the judicial district where a petitioner is confined. 28 U.S.C. § 2241(d). Petitioner is currently confined at the Lerdo Pre-Trial Facility in Bakersfield, California, which is within the Eastern District. 28 U.S.C. § 84. Accordingly, venue is proper in the Eastern District.

II.  **Petitioner's Claims**

Petitioner asserts three related grounds for relief. First, Petitioner contends that his detention exceeds Respondent's statutory authority. Second, Petitioner contends that indefinite detention violates his procedural and substantive due process rights. Third, Petitioner contends that his detention is punitive in nature and thus constitutes punishment without due process of law.

**A. Statutory Authority Under 8 U.S.C. § 1231**

When a final order of removal has been entered against an alien, the Government ordinarily secures the alien's removal during a subsequent ninety-day statutory "removal period," during which time the alien normally is held in custody. Zadvydas, 533 U.S. at 682. If the Government fails to remove the alien during the ninety-day removal period, 8 U.S.C. § 1231(a)(6) authorizes the United States Attorney General to detain the alien beyond the ninety-day removal period. Section 1231(a)(6) provides: "[a]n alien ordered removed who is...removable under section 237(a)(1)(C), 237(a)(2), or 237(a)(4) [8 USCS § 1227(a)(1)(C), (a)(2), or (a)(4)] or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period."

///

///

The Supreme Court has interpreted section 1231(a)(6) "to limit implicitly an alien's detention to a period reasonably necessary to bring about that alien's removal from the United States." Lema v. United States, 341 F.3d 853, 857 (9th Cir. 2003). "Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." Zadvydas, 533 U.S. at 699-700. In order to obtain relief, Petitioner bears the burden of establishing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." See Lema, 341 F.3d at 701 (discussing section 1231(a)(1)(C)).

Respondent contends that Petitioner has failed to meet his burden of establishing that there is no significant likelihood of removal in the reasonably foreseeable future. Alternatively, Respondent contends that Petitioner's continued detention is authorized by section 1231(a)(1)(C), which provides in part: "the removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." Respondent's two arguments are closely related, and are both correct.

In Lema v. United States, the Ninth Circuit held that section 1231(a)(1)(C) authorizes the continued detention of a removable alien so long as the alien fails to cooperate fully and honestly with officials to obtain travel documents. 341 F.3d at 857 (citing Zadvydas, 533 U.S. at 690). The petitioner in Lema had been ordered removed from the United States but refused to furnish the Ethiopian government or ICE with evidence to support his claim of Ethiopian nationality, refused to file requests for travel documents, and refused to comply with an ICE request that he provide certain documents.[3] Id. at 856-57. The Ninth Circuit held that because the Ethiopian government might issue travel documents if the petitioner cooperated, the petitioner could not meet his burden of establishing that there was no likelihood of removal in the reasonably foreseeable future. Id. at 57. Similarly, because the record here demonstrates that Petitioner is responsible for preventing his removal from the United States, Petitioner cannot meet his burden of establishing that his detention

---

[3] At the time Lema was decided, the operative United States immigration agency was the Immigration and Naturalization Service.

is unreasonable and thus beyond Respondent's statutory authority under section 1231(a)(6). See id. Petitioner's continued detention is also authorized by section 1231(a)(1)(C) as interpreted by the Ninth Circuit in Lema. 341 F.3d at 857. Accordingly, Petitioner is not entitled to relief on his claim that Respondent has exceeded its statutory authority.

### B. Due Process Claims

#### 1. Indefinite Detention

Petitioner contends that he is being detained indefinitely in violation of his procedural and substantive due process rights. In Zadvydas, the Supreme Court held that a statute permitting indefinite detention of an alien would raise "a serious constitutional problem" because of the alien's due process rights.[4] 533 U.S. at 690. However, the due process concerns discussed in Zadvydas do not apply when "the alien 'has the keys to freedom in his pocket and could likely effectuate his removal by providing the information requested by [ICE].'" Lema, 341 F.3d at 856 (quoting Pelich v. INS, 329 F.3d 1057, 1069 (9th Cir. 2003)). Therefore, "an alien cannot assert a viable constitutional claim when his indefinite detention is due to his failure to cooperate with [ICE's] efforts to remove him." Pelich, 329 F.3d at 1061.

The record indicates that Petitioner's continued detention is the result of Petitioner's refusal to cooperate with ICE's attempts to effect Petitioner's removal. Petitioner has refused to properly request the required travel documents from the Russian Consulate, despite the Consulate's willingness to issue the travel documents upon request. (Answer, Ex. 2). Petitioner's claim that he is being detained indefinitely is therefore without merit.

#### 2. The Nature of Petitioner's Confinement

Petitioner contends that his confinement is punitive in nature and therefore violates his due process rights. Civil detention may become "punitive" where (1) it is intended to punish; (2) it is excessive in relation to its non-punitive purpose; or (3) it is employed to achieve objectives that could be accomplished through many alternative and less harsh methods. See Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004) (citations omitted, discussing Bell v. Wolfish, 441 U.S. 520, 536

---

[4] The Zadvydas Court distinguished aliens who have effected entry into the United States from those who have not for the purpose of due process analysis. 533 U.S. at 694.

(1979) as applied to pretrial detainees). In determining whether confinement is punitive in nature, a "court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose...[a]bsent a showing of an intent to punish... that determination generally will turn on 'whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it].'" Bell, 441 U.S. at 537 (citations omitted). Generally, post-removal-order detention of an alien in order to facilitate deportation is not punitive in nature. See Zadvydas, 533 U.S. at 690 (assuming that such detention is "nonpunitive in purpose and effect").

Petitioner has failed to demonstrate that his confinement is intended to punish him. To the contrary, the record clearly indicates a legitimate, nonpunitive governmental purpose for Petitioner's confinement: facilitating his removal from the United States. Based on the record, the Court cannot say that Petitioner's confinement is excessive, especially in light of the fact that Petitioner has the ability to end his confinement by properly requesting the required travel documents needed to facilitate his removal from the United States. Further, there does not appear to be any alternative means of ensuring Petitioner's removal from the United States other than confining Petitioner until he can be successfully deported. Accordingly, Petitioner cannot establish that his confinement is punitive in nature.

## **RECOMMENDATION**

Based on the reasons stated above, the Court RECOMMENDS that the petition for writ of habeas corpus be DENIED WITH PREJUDICE and the Clerk of Court be DIRECTED to enter judgment for Respondent.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and

filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     May 11, 2009**                               /s/ John M. Dixon
                                                        UNITED STATES MAGISTRATE JUDGE